Good morning, Your Honors. Your Honors, director or insured capacity for purposes of insurance coverage is not a simple legal question, a simple factual question. In fact, it's a complicated legal question. The issue is before this Court, because it was decided by a jury, it shouldn't make a difference. And thus, this Court's review is de novo because it was a legal question. So the critical question before this Court is, was Ryan Kavanaugh acting in his capacity of a pre-net director? When you say it's a de novo review, you mean as to whether or not the facts, as were put before the jury, we're supposed to look at those facts and make an independent conclusion and disregard what the jury found? NORTHWESTERN PACIFIC INDEMNITY Exactly, Your Honor. It's sort of an unusual situation. We actually could only find two Ninth Circuit cases where the circuit has been asked to review a legal question that was given to a jury. And what this Court did in those situations, and is what we urge the Court to do in this situation, is to, regardless of how it sort of got here, it's a legal question. What is insured or director capacity in this context under this insurance policy? And so regardless of how, what the jury's result was, it's a legal question. It's reviewed de novo. And so it actually makes this Court's function easier because you've got quite a big record and, you know, pretty bulky briefs all to decide a legal question. So why is it a legal question? I confess I still haven't figured that out. It's interpreting an insurance contract. Kennedy. We have jurors faced with that kind of question all the time. We tell them what the contract says, and they have to decide if what we tell them in the form of instructions, or more properly, I should say, Judge Martinez tells them in the form of instructions. And they go decide whether, based on those instructions, the facts match or not. Well, the of course it is true, Judge Kliffin, that a jury can be asked to decide the factual disputes. And, of course, it's true that the Court can be decided to ask the legal question, too, which is what was done here. But to answer your question more completely, it is a legal question because under California law, interpreting an insurance contract is a legal question, and under California law, determining insurance coverage in the first instance is a legal question. So whether the Court made this in a summary judgment scenario or a jury made this in a jury trial, the legal question is reviewed de novo by this Court. But isn't that what's incorporated in the instructions? The jury is told what it means to act in the insured capacity. Well. And then the jury is asked, have they proven whether Kavanaugh acted in that capacity? Well, that's a being factual. And that is what happened in the trial court. I mean, it is true that the judge gave an instruction to the jury asking him to decide whether or not to make a legal determination. No. Stop right there. The question they were asked was whether Kavanaugh was acting in an insured capacity at whole or in part. Yes. And they were told by the judge in the form of instructions what it meant to be acting in an insured capacity. What they were asked was what Kavanaugh did, not to define the law of insured capacity. They were told the law of insured capacity. Your Honor, I think that I disagree. You obviously disagree. And I can't figure out why this isn't like every other case where we have jurors instructed on a point of some legal definition and asked whether that applied in this case or not, whether that happened or not. Well, and so what the jury is told is negligence. Jurors are constantly told what it means to be negligent, breach of duty and so forth. And, well, whose fault was that accident? Was he negligent or not? Because in this context, in the insurance contracts, California law from the California Supreme Court says it is a legal determination, and if there are factual questions that have to be decided, and there are here, in order to reach the legal determination, you know, that can be decided either by a judge sitting as a fact finder, by a jury deciding it. Well, isn't that what happened here? What happened here is the judge gave a legal instruction asking the Court to make a legal determination. Which instruction are we talking about? And the instruction is the right one. Number 8? I'm sorry? Instruction 8? Yes. For there to be coverage under the policy, the plaintiff must prove by a preponderance of the evidence that Kavanaugh was acting in whole or in part in his insured capacity when he committed the wrongful acts that led to the judgment in the underlying lawsuit. He was acting in his insured capacity if he was acting in whole or in part in his capacity as a director of PRENA when he committed the wrongful acts that led to the judgment against him in the underlying lawsuit. So what were the acts that he took? Well, and I think that well, and I guess that was not objected to. The instruction? That instruction was agreed to, wasn't it? Well, not completely at all, Your Honor. In fact, the Citrus Council objected to it. In fact, it's kind of the theme of the whole case, was objecting to this kind of determination. That is, that it was merely a simple factual determination and had no legal aspects. And if you look at the objection aspect in the context of how it came up, I think you'd have to agree that one more objection wouldn't have made a difference. And let me explain it this way. First of all, frankly, when I read that, my sense was that the judge was incorporating the objection by adding the in whole or in part type language, and that was just fine with your client's counsel. Well, you know, Your Honor, there are what the Mr. George did and when he objected to that jury instruction was to try to save it when the judge, because the judge had refused to give the jury his instruction, Citrus' instruction, which had the key language in it. This is California case law, and the cases we've cited say this is a legal question. Before I got here, I used to be a lawyer, and I sat there during instructions, and you make instantaneous decisions as to whether you want to push harder here and maybe take off the judge or take this and compromise there. And at the end of the day, you're kind of stuck with those instantaneous decisions. I didn't see something in this instruction that led me to think the defense counsel was or the plaintiff's counsel was objecting to the instruction as finally arrived at by the judge. Now ---- And, Your Honor, let me explain how the record would ask this Court to reach additional or a different conclusion on that. And that's because when the judge ---- you have to have a little snippet of the procedure. And they really break down into four things. First, the judge decided this as a factual question, totally, decided after he had done that and exercising ---- Decided what is a factual question? He decided insured capacity was actually ---- I'm sorry. He decided it as a legal question at first. The ---- he then decided, exercising great humility, that, oh, my gosh, I made a mistake. And here's why I made a mistake. I made a mistake because the jury couldn't decide, and these were the judge's words, in the ---- in deciding whether Mr. Kavanaugh was furthering the interests of Preenet, that, in fact, if he was doing that, that he was acting in his insured capacity. So I shouldn't have made that decision. That needs to be a fact decision. So the judge says, I'm going to give that to the jury. Then ---- And that was to your advantage. That was. Originally, it found against ---- Exactly. So your client's lost both ways now. Well, but actually, it's all on a legal question, and so it could have come up at that point or it could have come up now. But let me just finish the scenario about the objection. So counsel then proposed jury instructions. Our side proposes one that is consistent with the case law guidance on what you have to decide when you decide director capacity. I mean, laypeople don't know what director capacity is. When this Court decides the issue, it goes to the cases to decide what are the factors, what's the inquiry, what's the focus. Do you just look at who signed the papers, like the insurance company did, or do you actually explore was this to benefit one side or the other, was this the usual duties performed? We, in both our opening brief and the reply brief, exhaustively analyzed the legal factors and inquiries to be decided. So the judge said, oh, my gosh, I shouldn't have done this. I see that I should have said, well, if Mr. Kavanaugh was acting in the best interest or to promote the interest of pre-net, in fact, it could be an insured capacity. So I can't really decide this question. It has some factual components. So he asked for jury instructions. We say, further, the interest of the corporation is what the case law distills the real test to. The other side says, no, you just use the language in the policy. Insured capacity means director capacity. Nobody needs to know anything else. We object. We propose an alternative instruction. We ask the Court, well, if you're going to give that instruction, you have to at least do the dual-capacity issue that everybody has agreed that this insurance policy covers. The judge did that. The jury is instructed. The jury rules against Mr. Citrick. There's a motion for new trials. At that point, we say, Your Honor, there are – this is actually a factual legal question. You decided it first all on your own. Then you decided you had to go to the jury. And now we're telling you, in the California case law, this is a legal question. And a legal question, you have to give some guidance. So is his error in submitting any of this to the jury? I think it was an error. If he was going to submit it to the jury, he needed to submit it to the jury with the same information that this Court would look at if it were making the legal determination. And where was that proposed? Where was that language proposed? In our alternative instruction. Okay. Which one is that? Which is at the record. It was the one – I think I have that right handy. It was the proposed instruction 67, which is 1501. It's called Plaintiff's Proposed Instruction No. 67. Yes. And it has language in there that tries to use the – that is based on the case law in California and is interpreted by the district courts in this circuit. It says if you're trying to decide how someone is acting, are they acting in their own interests? Are they acting in someone else's interests? I look at the two of them. What's the big difference? The big difference is in furtherance of the interests of the corporation. That is the standard used by the courts in California and in this circuit to decide whether someone is acting as a director capacity. And had the jury known that you look at what is the – does it benefit the corporation That's a dual-capacity instruction, Your Honor. That just means if he was multitasking in whole or in part, it could be a single task as a director. Exactly. He could be acting solely on behalf of pre-net. He could be acting in part on behalf of pre-net. Well, it's a big difference. It's the whole case. It's the entire case is. What capacity was he acting? I don't think that's my question, because your answer had nothing to do with my question. What is the substantive difference between the two? One says in furtherance of duties as a director of pre-net, and the other says that he was acting in whole or in part in his capacity as director of pre-net. What's the difference? The difference is in furtherance of pre-net's interests is what the case law says is the legal basis. I'm going to say duties as director. That's your proposed instruction, duties as a director. That's right. And our proposed – I'm not saying furtherance of – I've been looking for the furtherance of pre-net's interests. I'm sorry. That's not what the – that's not what 67 says. Well, could you read it? I'm sorry. You don't have it? I don't have it in front of me. You say it. It's the whole case. I'm sorry. It's right here. Kavanaugh was acting in his considered capacity if one of the capacities in which he was acting was in furtherance of his duties as a director of pre-net with regard to the transactions involving pre-net stock through KC Capital. Kavanaugh was not acting in his considered capacity when he transacted stock through KC Capital, only if none of the capacities in which he was acting was in furtherance of the duty as a director of pre-net. Now, if you line that up with the case law – No, let's line it up with the instruction as given. Okay. For which there was no objection. The – well, there was an objection. There was an alternative proposed. And under – and we know from what the judge said in the motion for new trial, if you raise that again, you're judicially stopped. No, no. It was futile. You're saying that there's a material difference. Yes. Now you're asking us, so you're going to tell us what the material difference is that was not pointed out at the time. Yes, Your Honor. And here's the material difference. Acting in furtherance of his duties as a director of pre-net with regard to the transaction. If you measure all of the testimony and the evidence the jury heard, the actual dispute – Stop right there. That's not the question. And it's about the fourth time we've asked you the question. That's why I get insistent. We're asking you what's the substantive difference between the two instructions. There is none of that language. How that phrase differs from if he was acting in whole or in part in his capacity as a director of pre-net. Because that language, in whole or in part, goes to the standard of was he acting for one or the other or both. And if he was wearing both hats at the time he acted, then he is acting in his director capacity. The language in furtherance of his duties doesn't deal with wearing two hats. It deals with what was he doing. Sure it does. It says if one of the capacities in which he acted was in furtherance of his duties as a director. The Court's instruction just says it nicer. But it doesn't leave something out that's in your proposed instruction. Well, Your Honor, the case law says that this is the focus in furtherance of the duties of the Court of Appeals. Unless there's a substantive difference between the instruction given and what you say your instruction says, then it's hard to figure out what's wrong with the instruction given. Okay. Let me say this. I can't find any language in the instruction given that talks about the conduct has to be taken to further the duties of the director. In his capacity as a director of PRINET. In his capacity as a director. So your difference is the lack of the word duties? The difference is that if you're acting to further the interests of a corporation It doesn't say interests. Uh-uh. It says duties. Okay. If you're acting to further the duties of PRINET. And that's different from acting in his capacity as a director of PRINET. Yes. Because this is the problem. The jury doesn't know what it means to act in a capacity. This Court does. Because it's a legal question, it gets to look at the case law to say, what does it mean to act? Okay. I think we have the argument now. Okay. And so, and as to the You're over time. So why don't you say, I'll give you a minute for rebuttal. Okay. Thank you, Your Honor. Good morning. Good morning. My name is Paul Breslin. I represent Northwestern. I think the questions posed put it right on. There, this is no different from any other insurance case. The judge made an instruction on the law. The jury decided the disputed fact. I can't understand, after reading the brief, exactly what their argument is to convert substantial evidence in the record into a de novo review. They have agreed that it's not, they're not attacking the substantial evidence aspect. So they've agreed, as a practical matter, that the jury verdict is supported on the issue of which capacity was they acting in. They went on a motion for summary judgment. We made a motion for summary judgment on the ground that he was not acting in his insured capacity. That motion was fundamentally based on the legal issue, which is part of our brief, that there can be no duty of a director to an investor in an investor. That was the legal issue, which we still believe is correct, which is still part of this record. The judge granted that motion for summary judgment, and he granted it by saying he determined factually Kavanaugh was not acting in his capacity as a director of PRENET. They file a motion for reconsideration, saying, Judge, you applied the wrong standard to their motion. They filed a legal motion, and you answered a factual question. There is a factual question here, they say, as to whether he's acting in which capacity. The judge says, you're right. I did act – I resolved the factual question, and that was a factual dispute. Let's go to the jury. And we go to the jury, and the jury hears substantial evidence, which I can recount ad nauseum, which you don't need to get into because they've stipulated there's substantial evidence, and the jury says he's not acting at all in his PRENET capacity. They were asked, is he acting wholly or in part? The in part acknowledges that if it's dual capacity, there's coverage, as long as he's acting in part as a director of PRENET. They conclude he's not acting at all in capacity as director of PRENET, not entirely for PRENET, not a little bit for PRENET. He's acting entirely for K.C. Capital. Now, they argue somehow that there was a factual issue at the time of the motion for summary judgment, but now the facts are undisputed, and, therefore, it's a legal issue. Well, who undisputed the facts? The jury. The jury heard the disputed facts, resolved them in Northwestern's favor, made them undisputed. And now that they're undisputed, it doesn't become a substantial evidence standard. It becomes a de novo standard. Now, that doesn't make any sense to me. In any event, they are precluded from raising this argument, the legal versus factual argument, because of judicial estoppel. They made an argument on the motion to vacate the summary judgment that it was factual, and now they're alleging it's legal. And I recommend to you the trial court's opinion denying the motion for new trial, which lays out all of these issues very clearly. Which we've read. And very clearly explains why. So on that issue, I am confident that the factual issue part is dead. Now we get to the instruction issue part. Once again, they aren't in any position to raise that issue before this Court. The instruction that was first propounded said, was he acting in the capacity as a director of prenup? Their attorney stood up and said, I object. What are you supposed to do? And the judge says, what do you object to? He says, I can fix this real simply. Add the words, in whole or in part. The judge says, fine. And the final instruction has, in whole or in part. And then they move on to argue about other instructions. He made an objection. He got the instruction changed and then approved it. Never again a challenged it. So factually, they can't challenge this because of judicial estoppel. Legally, they can't challenge this because they did not file an objection at the time. And in any event, the instruction as given is entirely correct. This is not a term that's out of nowhere. The insured capacity term is defined in the insurance policy on page 1112. And that insured capacity talks about the concept of dual capacity. You may have one hat, two hats, or neither hat. Here, Kavanaugh definitely had two hats, and all they proved at trial was he had two hats. They confused having two hats from acting as both hats. And the jury had the factual question as which hat was he operating under. They believe that by proving he has the status of two capacities, that that resolves a factual dispute and becomes a legal question. And therefore, they assume that therefore, he's always acting in that capacity. Not correct. The jury resolved that factual issue, determined that he was never acting on behalf of Prenet and was always acting on behalf of KC Capital. The definition says insured capacity is the capacity as a director. And it says specifically, it shall not include any capacity in any organization other than the insured organization, read Prenet, even if the insured organization directed or requested the insured person Kavanaugh to serve in such capacity. Now, we don't have this fact pattern, but even if Prenet had said to Kavanaugh, we want you to serve as a director, as a manager of KC Capital, and then Kavanaugh went out and raised money on behalf of KC Capital only, that in and of itself does not make this insured capacity. It's excluded. You have to be acting qua director. That's not you don't want to hypothesize yourself into a case that we don't have to decide. You have to be acting qua director. They are not acting qua director. There is no factual basis and no legal basis. There was an eight-day jury trial. And the final comment I would make is that the judge twice stated, the first statement he made is this was one of the excuse me, I'm going to find it, the most contrived insurance coverage cases I have ever heard. And the last point I would raise in order to deny a new trial is the Court in a very well-considered granting a motion for judgment notwithstanding the verdict on the issue of insured capacity had the jury come back with a different result. The jury reached the right result under the evidence and there's absolutely no basis for overturning. Thank you. Thank you. I think I have about minus 15 seconds left. Let me see if I can use that just to quickly rebut one point. The main point that Cichik wants to make is that there was a legal question decided by a jury. And we know that it has to be a legal question because we just heard that the policy offers no explanation for what is insured capacity. It says director capacity equals insured capacity. Counsel just read that part of the policy to us. That means it's a legal question. So I guess you should have come up on the summary judgment instead. Exactly, Your Honor. But you didn't. But it doesn't matter how it came up. It still should be reviewed de novo, measured by California law. It's Cichik's position that if this Court looks at that evidence to see, measured by the components for deciding whether someone is acting as a director, that this Court will conclude as a matter of law that Ryan Kavanaugh was acting as a director of pre-net when he took actions to preserve the value of the site. Okay. Thank you. Thank you. Counsel, we thank you for your arguments. The case is submitted and we stand in adjournment. I'll rise to the Court for discussion and adjournment. Thank you.
judges: Fisher, Clifton, Martinez